UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80095-CR-DIMITROULEAS(s)(s)

UNITED STATES OF AMERICA

vs.

SELWYN CARRINGTON,

        Defendant.
_____/

## FACTUAL STIPULATION IN SUPPORT OF PLEA AGREEMENT

The United States of America and SELWYN CARRINGTON ("the defendant"), agree that, if this case were to go to trial, the United States of America would be able to establish a prima facie case of guilt to the charge in the Information, based upon the following undisputed facts:

1. From prior to 2005 through January 2011, the defendant was a licensed medical doctor in the State of Florida. As a licensed physician, the defendant was authorized to prescribe controlled substances by the State of Florida, and he held a Drug Enforcement Administration (DEA) registration number which allowed him to prescribe controlled substances. The defendant's specialty was endocrinology, and he maintained a medical practice at several locations in South Florida, but practiced primarily in Pembroke Pines, Florida.

2. In or about 2005, the defendant was asked to serve as the "medical director" of medical clinics located in Hallandale and West Palm Beach, Florida, called Primary Care Practitioners and Associates ("PCP") and Primary Care and Associates of West Palm Beach, Inc. ("PCP-West Palm").

1

PCP and PCP West Palm were owned and operated by two Advanced Registered Nurse Practitioners (ARNPs), husband and wife. The defendant's compensation was supposed to be $5,000 a month.

3. Under Florida law, ARNPs may operate a medical facility and provide medical services to patients under the supervision of a licensed physician. They may even issue prescriptions for non-controlled substances to patients. However, ARNPs cannot obtain a federal controlled substance registry number, and, therefore, are not authorized to prescribe controlled substances in the State of Florida.

4. Although the defendant was nominally the "medical director" of PCP, he was not present at either facility during working hours, did not see or treat patients there, and had no management authority over the practice or its billing procedures. Rather patients were seen by the ARNPs or other doctors who were employed there from time to time.

5. The defendant's role was limited to coming to the clinic from time to time after work hours (or on weekends), reviewing medical charts, and co-signing progress notes for patients seen by the ARNPs. He would also pre-sign blank prescription pads, which the ARNPs would use to issue prescriptions to patients for Schedule II controlled substances (oxycodone, percocet), as well as other controlled substances. The prescriptions would be filled by pharmacies under the defendant's DEA registration number.

6. On March 3, 2010, state and federal law enforcement agents executed a search warrant at the PCP clinic in Hallandale, Florida. This was in relation to an investigation into the billing practices of PCP. At that time, agents recovered a prescription pad containing approximately 70 blank prescriptions, all of which had been pre-signed by the defendant.

7. Several employees of PCP were interviewed and acknowledged that the defendant did

not see patients at the clinic, but did furnish blank prescriptions to be used by the ARNPs. A number of patients who had received prescriptions for controlled substances under the defendant's signature and DEA registration number were also interviewed and identified the ARNP or others as their treating health care provider- not the defendant.

8. In January 2011, agents interviewed the defendant and, during the interview, he admitted that he did not treat patients at PCP but that he furnished blank prescription pads with the knowledge that the ARNPs or others would use them to prescribe controlled substances to patients.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/20/12

ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

Date: 1/26/12

FRANK A. RUBINO, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: 1·26·12

SELWYN CARRINGTON
DEFENDANT

3